DECISION
On February 21, 2002, the defendant was found guilty, after trial by a jury, of the crime of robbery in the first degree. Pursuant to Rule 33 of the Superior Court Rules of Criminal Procedure, he timely moves for a new trial on the grounds the verdict was against the law and the evidence and the weight thereof and thus, he asserts, a new trial is required in the interest of justice.
On March 5, 2002, this court heard the arguments of counsel for the defendant and counsel for the State and, after hearing, this court reserved decision.
In passing on the motion for a new trial, this court sits as a 13th juror, if you will, and its responsibility in determining whether a new trial should be granted is to pass upon the weight of the evidence and the credibility of the witnesses. If, after this process of independent assessment, the court finds the evidence to be in such a state that reasonable minds can reach a different conclusion on the evidence, the court is not at liberty as a 13th juror to substitute its judgment for that of the jury. Applying that standard, let me review the testimony of the critical witnesses:
 KEVIN LAM
Kevin Lam testified that on January 10, 2001, he was working at the China House Restaurant when a male and a female walked in, went to the soda cooler and she took a Coke, while he took a carton of orange juice and left it on the counter. After placing an order to go, both left and he returned about ten minutes later and asked to "ring out". While Lam totaled the bill, the man pointed a gun at him, aiming it at his stomach. The man took between $500-$600 from the cash drawer and left. Mr. Lam acknowledged he did not get a good look at the robber. He described him as 5' 6 — 5' 7, a light colored black man in his mid-twenties. In fact the defendant, according to facts in evidence, is Hispanic and in January 2001 was 38 years of age. The victim also testified that when shown a photo display shortly after the robbery, he failed to identify the photo of the defendant but, rather, selected another as "could be the man". The unimpeachable testimony was that Mr. Lam was, in fact, the victim of a robbery of $500 — $600 on January 10, 2001, in the City of Providence. In no way did Lam's testimony implicate Carlos Arroyo in the robbery. Other than establishing the elements of the crime of robbery, Lam did offer that:
 1.) The perpetrator touched the carton of orange juice and left it on the counter.
 2.) The perpetrator ran toward Olneyville Square (the direction where he lived).
In reviewing the testimony of Mr. Lam, I found him to be a competent and credible witness about the commission of a robbery and about the placement by the perpetrator of the carton of orange juice on the counter. I do not find his testimony persuasive as to the direction the perpetrator left the restaurant.
 DETECTIVE O'MARA
Detective O'Mara's critical testimony was that on February 19, 2002 (during the trial), he measured the distance from the front of the restaurant to the residence of the defendant and testified that it consumed about 4 minutes, walking slowly. His testimony was critical in establishing that the defendant easily could have left the restaurant at 9:58 (a minute before the 911 call, which was confirmed to be at 9:59), and the call from his wife at 10:15. O'Mara acknowledged on cross that had the perpetrator gone straight out the door, he would be headed toward Silver Lake — away from Olneyville. However, in all particulars, I found O'Mara was both a competent and credible witness. His testimony that the home of Mr. Arroyo was but a 4 minute walk from the entrance of the restaurant is significant. Whether the defendant went toward Olneyville or toward Silver Lake when he exited the restaurant is not critical. What is critical is the fact that his home was just a "slow 4 minute walk".
 DETECTIVE FIRTH
No doubt the critical evidence that was presented against the defendant was the opinion of Detective Firth and former Captain Powers that the defendant's fingerprints were found to be on the carton of orange juice the perpetrator left on the counter. Without such evidence, a motion for judgment of acquittal would have been granted. This court was satisfied that based on their knowledge, training, education and experience, Firth and Powers were sufficiently qualified to offer an opinion as to the ownership of the fingerprints found on the carton. Firth's relative inexperience as a B.C.I. detective, as well as Power's extensive experience, went to the weight to be accorded their respective testimony. Their subjective determination that the prints found were those of the defendant and the further testimony that, after being properly advised, the defendant stated he was never in the restaurant at any time, supported the jury's conclusion that it was the defendant who committed the robbery.
I find the testimony of both Firth and Powers to be competent and credible as to their opinion on the identification of the fingerprints on the carton.
 CONCLUSION
The competent and credible evidence supports the jury's findings that it was Carlos Arroyo who, on January 10, 2001, did rob Kevin Lam.
The Motion for a New Trial is denied.